IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**MARKIUS THOMAS, #71395**                                                      **PLAINTIFF**

**VS.**                                                      **CIVIL ACTION NO: 4:08-cv-134-LRA**

**GLORIA PERRY AND**
**SANDRA ATWOOD**                                                         **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

THIS CAUSE is before the Court on the Motion to Dismiss filed by Defendant Sandra Atwood.[1] Plaintiff Markius Thomas has not filed a response to the motion.

Having considered the motion, the Court finds that Thomas's complaint should be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure due to his failure to prosecute this case. He filed his Complaint on December 4, 2008. The Court warned him early in the case that he must keep the Court advised of his current address.[2] Defendant Perry is no longer employed by the Mississippi Department of Corrections [MDOC], and Thomas never caused process to be served on her. He was ordered to show cause as to why the Complaint should not be dismissed against Perry, but he failed to do so.[3]

---

[1] ECF No. 20, filed July 23, 2010.

[2] ECF No. 5. Specifically, the Court's Order stated that "[f]ailure to advise this court of a change of address or failure to comply with any order of this court will be deemed as a purposeful delay and contumacious act by the plaintiff and may result in the dismissal of this case."

[3] ECF No. 18. He was directed to show cause by November 24, 2009.

Defendant was also ordered to produce copies of medical and prison records to Thomas after the omnibus hearing.[4] According to Defendant, these 300 pages of records were sent; they were returned to defense counsel with the envelope marked by the MDOC Postal Inspection Department that Thomas was "released."[5] The MDOC Discharge Certificate presented to the Court by Defendant confirms that Thomas was discharged from MDOC custody due to the expiration of his sentence on April 13, 2009.[6]

Defendant points out that Thomas has filed nothing in this case since December 10, 2008.[7] Thomas did attend the omnibus hearing on February 18, 2009, but he has not filed any pleadings or contacted either the Court or defense counsel since that date. Although he was released from prison on April 13, 2009, he has given no new address informing the Court or Defendant where he can be reached. He cannot be contacted, and Defendant's request that the Complaint be dismissed shall be granted.

Rule 41(b) of the Federal Rules of Civil Procedure provides as follows:

> (b) **Involuntary Dismissal; Effect.** If the plaintiff *fails to prosecute or to comply with these rules or a court order*, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal

---

[4] ECF No. 18, paragraph 4 at 3.

[5] ECF No. 19 (Notice of Service of Disclosure.)

[6] ECF No. 20-1 (Exhibit 1 to Defendant's Motion to Dismiss, certified MDOC Discharge Certificate, dated March 31, 2009.)

[7] ECF No. 8, "Acknowledgment of Receipt of Prisoner Litigation Reform Act and Amendments to MCA 47-5-13.8."

>under this subdivision (b) and any dismissal not under this rule -
>--- except ... ---- operates as an adjudication on the merits.

(Emphasis added.)

This Court has the authority to dismiss an action for failure of a plaintiff to prosecute or to comply with any order of the Court both under Fed. R. Civ. P. 41(b) and under its inherent authority. *See McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988)*; Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-631 (1962). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court. *Id.* at 630. The actions of Thomas also prejudice the rights of Defendant Atwood to promptly and fully defend the claims made against her.

A dismissal of a plaintiff's lawsuit for failing to comply with a district court's order is warranted where "[a] clear record of delay or contumacious conduct by plaintiff exists." *Day v. Allstate Ins. Co.,* 788 F.2d 1110 (5th Cir. 2008) (quoting *Anthony v. Marion County General Hospital*, 617 F.2d 1164, 1167 (5th Cir. 1980)). The record in Thomas's case supports such a finding. He obviously lost interest in pursuing this lawsuit after his release from incarceration, although he has not formally dismissed his complaint. The sanction of dismissal is necessary in order to officially conclude the litigation against both Defendants.

The statute of limitations has not run on his claims, and the dismissal shall be without prejudice.

For these reasons, Defendant Atwood's Motion to Dismiss is granted, and the Complaint against both Defendant Perry and Defendant Atwood is dismissed without prejudice under Rule 41(b) of the Federal Rules of Civil Procedure. A Final Judgment dismissing the case shall be entered for the reasons set forth in this Memorandum Opinion and Order.

SO ORDERED, this the 15th day of October, 2010.

/s/ Linda R. Anderson<br>UNITED STATES MAGISTRATE JUDGE